IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEYIXA GALEGO** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00571-P |
| | § | |
| | § | |
| **HYATT CORPORATION** | § | JURY DEMANDED |
| | § | |
| *Defendant* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS:**

NOW COMES Plaintiff, Lexiya Galego, and files this her First Amended Complaint in which Plaintiff demands damages from Defendant, Hyatt Corporation, for premises liability and in support thereof would show unto the Court as follows:

A.  PARTIES

1. Plaintiff, Lexiya Galego is an individual who is a citizen of the State of Florida.

2. Defendant, Hyatt Corporation is a foreign corporation authorized to do business in the State of Texas and doing business in and maintain agents and agencies in the State of Texas and may be served through its registered agent, United States Corporation Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant has removed this action to this Honorable Court, therefore, no citation/summons is needed at this time.

B.  JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in

controversy exceeds $75,000.00, excluding interest and costs. Plaintiff is a citizen of Florida and Defendant is organized under the laws of the state of Delaware with its principal place of business in Chicago, Illinois.

### C. VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### D. CONDITIONS PRECEDENT

5. All conditions precedents have been performed or have occurred.

### E. FACTS

6. Plaintiff brings this suit to recover damages for personal injuries sustained at the Hyatt Regency DFW Airport Hotel (the "Hotel") at 2334 North International Parkway, Grapevine, Texas, in Tarrant County, Texas on or about August 21, 2022.

7. Defendant owns, operates the Hotel at 2334 North International Parkway, Grapevine, Texas and is in the business of providing lodging, food, selling goods and services to the general public.

8. On August 21, 2022, Plaintiff was a guest at the Hotel.

9. The Hotel has a restaurant buffet on the premises called Jacobs Spring Grille.

10. On August 21,2022, Plaintiff entered the Hotel to eat with another individual at Jacobs Spring Grille.

11. Plaintiff got food from the buffet line and was walking away from the buffet line when she violently fell to the floor.

12. No caution sign, no wet floor cones, or any other indicators were present as the employees were serving food. Plaintiff slipped and fell on a hazardous liquid, which made the floor

particularly slippery due to the installed floor tile not being slip resistant and/or appropriate according to applicable industry standards. The color of the liquid that was on the floor, indicative of lack of timely and appropriate attention that was an unreasonably dangerous slip and fall hazard and that caused Plaintiff to fall hard onto the floor.

13. Additionally, no verbal warnings were provided to Plaintiff regarding the presence of the liquid.

14. Due to the violent slip and fall, Plaintiff suffered significant and sever injuries for which Plaintiff sought and continues to seek reasonable and necessary medical treatment.

15. Plaintiff suffered injuries and damages due to the aforementioned slip and fall when she fell on to her back, hand, wrist and side of her body. Plaintiff also suffered other damages made the basis of this lawsuit, including but not limited to mental anguish, lost wages, loss of earning capacity and impairment.

16. At the time of the incident, the Hotel was owned and maintained by Defendant.

17. On the date in question, Plaintiff was an invitee on Defendant's premises. At all times, relevant. Defendant maintained, controlled, or was a possessor of the premises. A condition on the premises posed an unreasonable risk of harm. Defendant had the ability and authority to ensure its premises were not unreasonably dangerous for invitees. Defendant had a duty to use ordinary care to ensure that the premises, including the walking and working surfaces therein, did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or cure.

18. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant

either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

19. Plaintiff would show that, based on the above-described facts, Defendant were negligent. Defendant, as occupiers and/or owners of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant' premises.

20. Additionally, Defendant should have had a non-slip surface, which would have prevented any-such fall that could result from a foreseeable condition.

21. Defendant is aware that treated floors are slippery when wet. Defendant is aware that spills from liquid items happen very often in its Hotel and that said spills are a hazard to its business invitees when such spills are on concrete floors.

22. At the time Defendant built the Hotel in question, Defendant had many options for flooring, including options to decrease the likelihood of slips by its customers on spills such as the one in this case.

23. Solely as a result of the injuries aforementioned, Plaintiff has incurred damages, including:

    a. Medical expenses;
    b. Lost wages;
    c. Lost of earning capacity;
    d. Plaintiff has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

e. Plaintiff has, may, and will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and

f. Plaintiff's overall health, strength, and vitality have been greatly impaired.

### F. COUNT 1—PREMISES LIABILITY

24. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 23 above as if more fully set forth herein at length.

25. At all times relevant Defendants owned, occupied, operated, and/or maintained the Hotel.

26. The conduct of Defendant was the proximate causes of Plaintiff's personal injuries in that Defendant's acts or omissions, constituted negligence (under the theory of premises liability) in following acts of negligence, to wit:

    a. Failure to maintain the premises, including floors and walkways, in a reasonably safe condition;

    b. Failure to inspect the premises where the dangerous condition existed;

    c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

    d. Failing to properly train and/or supervise those on site;

    e. Failing to hire competent employees/contractors to repair the roof;

    f. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

    g. Failure to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

27. At that time and on the occasion in question, Plaintiff encountered a defect in the premises that was an unnecessary and unreasonably dangerous slip and fall hazard on Defendant's premises: there was a hazardous liquid on the floor area (on which no non-slip measures

had been taken) in the area by the buffet serving stations and that posed an unreasonable risk of harm and was an unreasonably dangerous condition.

28. As a result of the aforementioned condition, Plaintiff fell, causing her to suffer injuries and damages.

29. The injuries and damages sustained by Plaintiff are the injuries and damages that have been made the basis of this lawsuit.

30. Defendant had a non-delegable duty to use ordinary care in timely maintaining its premises in a safe condition by continually inspecting the property and making it safe against any known or knowable defects and/or giving warning of any such defects to prevent slip and fall hazards.

31. Defendant had a non-delegable duty, to use ordinary care to timely find, correct, and/or warn customers of conditions and to prevent slip and fall hazards that pose an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen on the premises of the Hotel in question, including the area near the buffet line, highly-trafficked area used by its patrons and Defendant's employees alike.

32. The defective condition of the premises involved in this incident constituted an unreasonable risk of harm of which the Defendant, its agents, servants and/or employees acting within the course and scope of their employment created, knew and/or should have known of its presence, but failed to remedy same by failing to use ordinary care to find, correct and/or warn of same.

33. The defective condition of the premises involved in this incident constituted an unreasonably dangerous condition of which the Defendant, its agents, servants and/or

employees acting within the course and scope of their employment created, knew and/or should have known of its presence, but failed to remedy same by failing to ordinary care to find, correct and/or warn of same.

34. Defendant had actual and/or constructive knowledge of the referenced condition of the premises in question that rendered the premises unreasonably dangerous.

35. Defendant had actual and/or constructive knowledge of the reference condition of the premises in question that rendered the premises an unreasonable risk of harm.

36. Defendant had actual and/or constructive knowledge of the defective condition—a dangerous slip and fall hazard—existing on the premises of the Hotel in question.

37. Defendant had actual or constructive knowledge of the unreasonably dangerous condition a dangerous slip and fall hazard existing on the premises of their Hotel in question buffet line used by Defendant's patrons at the time of the occurrence in question.

38. Defendant, by and through its employees, agents and/or representatives, committed acts and omissions of failure to comply in all their above referenced duties and, therefore, were negligent. Such negligence proximately caused the occurrence in question and the injuries and damages sustained by Plaintiff.

39. The defective condition of the premises involved in this incident and the presence of the defect constituted an unreasonable risk of harm and an unreasonably dangerous condition of which the Defendant, its agents, servants and/or employees, created, knew and/or should have known of its presence and negligently failed to remedy the same, failed to use ordinary care to discover same and failed to warn of same. Such negligence proximately caused the occurrence in question and the injuries and damages sustained by Plaintiff.

40. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff

slipped and fell while in the Hotel.

41. As a further direct and proximate result of the negligence of Defendant set forth above, Plaintiff sustained serious injuries and damages.

42. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described in below.

## G. DAMAGES

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

    a. Medical expenses in the past and future;

    b. Physical pain in the past and future;

    c. Mental anguish in the past and future;

    d. Physical impairment in the past and future;

    e. Loss of earnings;

    f. Loss of earning capacity; and

    g. Loss of consortium in the past and future;

## H. PRAYER

44. Plaintiff demands a trial by jury.

45. For these reasons, Plaintiff respectfully asks the Court for judgment against Defendant for the following:

    a. Actual damages;

    b. Damages for physical pain and suffering in the past and future;

    c. Damages for mental anguish in the past and in the future;

    d. Damages for physical impairment in the past and in the future;

e. Punitive damages in an amount determined by the trier of fact;

f. Prejudgment and post judgment interest;

g. Costs of suit; and

h. All other relief the Court deems appropriate.

Respectfully Submitted,

THE MAJOR LAW FIRM PLLC

**By:** **/s/ *Abasi D. Major***
Abasi D. Major
Texas Bar No. 24096504
901 NE Loop 410
Suite 405
San Antonio, Texas 78209
Ph: 210-957-1767
Fx: 210-783-9637
abasi@themajorlawfirm.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that on June 14, 2023, a true and correct copy of the above and foregoing document was served on all parties of record in accordance via the CM/ECF System.

                                          /s/Abasi D. Major
                                          Abasi D. Major